NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0252n.06

No. 21-2750

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jun 23, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| AFZAL BEEMATH, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; KETHLEDGE and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. Dr. Afzal Beemath prescribed opioids in exchange for cash from his patients, who sold the pills around metro Detroit. Beemath thereafter pled guilty to conspiracy and distribution charges. He now challenges his sentence. We affirm.

Beemath operated a palliative-care clinic in Lathrup Village, Michigan. His patients paid to obtain appointments; in exchange, Beemath prescribed them oxycodone, oxymorphone, and alprazolam—Schedule II and IV controlled substances—without a legitimate medical reason. Patients then filled the prescriptions and sold the drugs. Beemath worked with recruiters to find more patients; over five years, Beemath prescribed drugs with a total street value of some $22 million.

A federal grand jury eventually indicted Beemath for conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances, as well as aiding and abetting unlawful distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The district court repeatedly adjourned the trial date to afford Beemath more time to prepare. In September 2019, the court also released Beemath on bond to facilitate his review of the medical records at issue. Twenty-seven days later—a week before trial—Beemath changed his plea to guilty.

At sentencing, Beemath objected to the probation officer's calculation of Beemath's drug quantity in the pre-sentence report (a converted drug equivalency of 235,367 kilograms), which included all the prescriptions he had written for oxycodone (30 mg), oxymorphone (40 mg), alprazolam, and carisoprodol. Instead, the court calculated a drug quantity of only 20,067 kilograms—which included only the prescriptions that the government's expert had found to lack a legitimate medical basis, based on the expert's own review of individual patients' records. The government separately declined to seek a one-point adjustment for acceptance of responsibility, because the government had already prepared for trial by the time Beemath pled guilty. The court ultimately calculated a Guidelines range of 168 to 210 months' imprisonment, from which it varied downward and sentenced Beemath to 120 months. This appeal followed.

Beemath now argues that the district court violated Criminal Rule 32 when it calculated his drug quantity. That rule provides the district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute." Fed. R. Crim. P. 32(i)(3)(B). But here the district court specifically ruled on Beemath's drug quantity—indeed, the court reduced that quantity more than 90% from the quantity in Beemath's presentence report. And the court explained in some detail why it agreed that the prescriptions reviewed by the government's expert "were not issued for a legitimate medical purpose." *See* PageID1615–17. Suffice it to say that the district court adjudicated every matter that Beemath controverted during the hearing. *See United States v. Poulsen*, 655 F.3d 492, 512–13 (6th Cir. 2011).

Beemath next argues that the district court violated his right to due process. Specifically, he says that "multiple obstacles throughout the proceedings"—his incarceration, the vast and confidential nature of the medical records at issue, and the format in which the government produced the evidence—prevented him from challenging the government's drug-quantity calculation. But the district court repeatedly facilitated Beemath's review of the evidence when it granted numerous continuances and even ordered him released on bond. And at sentencing Beemath did not ask for more time to prepare. *See United States v. McCarty*, 628 F.3d 284, 292 (6th Cir. 2010). His due-process challenge is meritless.

Likewise meritless is Beemath's claim that the government improperly withheld a one-point reduction for acceptance of responsibility. "[W]hether to file a motion for an additional one-point reduction" is within the "government's discretion," with the "limitation that the government may not act with a constitutionally impermissible motive." *United States v. Lapsins*, 570 F.3d 758, 769 (6th Cir. 2009). The record reveals no proof of any such motive here: to the contrary, as the district court observed, by the time Beemath pled guilty the government's case "was basically spring-loaded and ready to go."

The district court's judgment is affirmed.